## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

     Plaintiff,

v.                    Case No.: 2:21-cv-10445-LVP-RSW

DIALOGDIRECT, INC.,

     Defendant.

_____/

## PLAINTIFF'S UNOPPOSED MOTION
## FOR PRELIMINARY APPROVAL OF CLASS
## SETTLEMENT AND NOTICE TO SETTLEMENT CLASS

For the reasons set forth in the Memorandum, Plaintiff, Latedia Washington, respectfully asks the Court to certify, for settlement purposes only, the Settlement Class, grant preliminary approval of the Settlement, and to order notice and claim forms be sent to the Settlement Class. The Settled Parties request any additional relief the Court deems warranted under the circumstances.

                            */s/ Marc R. Edelman*
                            **MARC R. EDELMAN, ESQ.**
                            Florida Bar No.: 0096342
                            **MORGAN & MORGAN, P.A.**
                            201 N. Franklin Street, #700
                            Tampa, FL 33602-5157
                            Telephone: 813-223-5505
                            Facsimile:  813-257-0572
                            medelman@forthepeople.com
                            *Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

provided via electronic transmission and/or via U.S. Mail on this 22nd day of

November, 2021, to the following:

Jaclyn R. Giffen, Esq. (P75316)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
<u>jgiffen@littler.com</u>

William J. Simmons, Esq.
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
<u>Wsimmons@littler.com</u>
*Attorneys for Defendant*

                              */s/ Marc R. Edelman*
                              **MARC R. EDELMAN, ESQ.**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

      Plaintiff,

v.                           Case No.: 2:21-cv-10445-LVP-RSW

DIALOGDIRECT, INC.,

      Defendant.

_____/

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
### OF CLASS <u>SETTLEMENT AND NOTICE TO SETTLEMENT CLASS</u>

Plaintiff, Latedia Washington ("Plaintiff"), by and through the undersigned counsel, hereby files this Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and Notice to Settlement Class and in support states as follows:

## I.    <u>BACKGROUND</u>

### A.    <u>Litigation History</u>

On February 26, 2021, Plaintiff initiated this Action by the filing of the Complaint [Dkt. 1]. Plaintiff alleged Defendant violated 15 U.S.C. § 1681(b)(b)(3) of the Fair Credit Reporting Act ("FCRA") by failing to: 1) provide applicants and employees who were subject to an adverse employment action, based in whole or in part on their consumer report, pre-adverse action notice, including a copy of their

consumer report, before being subjected to an adverse employment action, and 2) provide applicants and employees a summary of their FCRA rights.  Plaintiff and Defendant (the "Parties") have been litigating this Action since February 26, 2021. On May 14, 2021, the Court stayed the Action to allow the Parties to participate in early mediation.  The Parties scheduled a mediation to occur on August 24, 2021 before an experienced FCRA mediator, Mr. Carlos Burruezo, Esq.

B.      **The Parties Agreed to Attend an Early Mediation**

Shortly after Plaintiff filed her action, Plaintiff's Counsel and Defendant's Counsel agreed early mediation would be a viable option to conserve the Parties' and Court's resources.  Counsel, both experienced in Rule 23 FCRA class actions, acknowledged litigating this action to conclusion would require an investment of resources from both sides, as significant motion practice and discovery was inevitable.  Counsel were transparent regarding the factual allegations, potential defenses and importantly, the size of the putative class.  Plaintiff's counsel and Defendant's Counsel agreed, in light off the class size, early mediation made sense *before* more time was expended and greater costs incurred.

Leading up to mediation, the Parties informally exchanged the discovery that would have been exchanged in litigation.  With counsel both experienced in FCRA class actions, there was no dispute over the scope of discovery required or means to verify the accuracy of the information provided.  On August 24, 2021, the Parties participated in a day-long mediation.  The Parties resolved, in principal, Plaintiff's claims on a class-wide basis. [Dkt. 11].

2

Since that time, the Parties have negotiated and documented the finer points of the settlement, contingent upon this Court's approval.  To be sure, Plaintiff, the Settlement Class, and Class Counsel acknowledge Defendant has real and significant defenses to the claims alleged.  If Defendant was to prevail on some or all of its defenses, Plaintiff and the Settlement Class may not receive any benefit or consideration for their claims.  Class Counsel has analyzed and evaluated the claims and Defendant's defenses.  Weighing relief the proposed settlement delivers to the Settlement Class against the risk of continued litigation and further delay, Class Counsel has concluded that this settlement is fair and reasonable and in the best interests of the Settlement Class.  Against this backdrop, the Parties now present the settlement for the Court's preliminary approval.

**C.**     **Key Terms of the Settlement**

The settlement is memorialized in the Parties' Settlement Agreement, a copy of which is attached as Exhibit "A."  The key terms of the settlement are as follows:

- Certification, for settlement purposes only, of the Settlement Class, consisting of all U.S. resident individuals on whom Defendant obtained a consumer report for employment purposes between February 26, 2019 and July 1, 2021 and Defendant's records reflect that the consumer report contained an item of information coded as potentially disqualifying for employment with Defendant;

- Defendant establishes a Settlement Fund of up to $487,500.00, an amount equal to an estimated $296.00 gross per class member;

- A Qualified Settlement Fund shall be established from which all amounts to be paid under this settlement will be distributed;

3

- If approved by the Court, a payment shall be paid to Plaintiff in the amount of $5,000.00 in exchange for executing a general release and her service to the class;

- If approved by the Court, Settlement Administration Costs, estimated to be $20,000.00, shall be paid to the agreed-upon Settlement Administrator;

- Class Counsel shall receive Attorney's Fees and Costs in an amount approved by the Court but not to exceed one third of the total settlement;

- Each Class Member who timely submits a Claim Form shall receive their *pro rata* share of the total settlement, less the general release amount, less their proportional share of Class Counsel's Fees and Costs, and less their proportional share of Settlement Administration Costs;

- Class Members have 60 days to opt-out and submit objections; 60 days to submit a Claim Form; and 60 days to negotiate settlement checks; and

- Defendant to fund claims and other amounts specified above as approved by the Court; uncashed checks to revert to Defendant.

## II.   **ARGUMENT**

### A.   **The Settlement Class Should Be Certified for Settlement Purposes**

A class action may be maintained if the class fulfills the four "prerequisites" in Rule 23(a) and fits within one of the "types of class actions" under Rule 23(b). *UAW v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). The Court must conduct a "rigorous analysis" to confirm Rule 23 is satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 347 (2011). Here, the Parties seek certification of a Settlement Class defined as:

> All U.S. resident individuals on whom Defendant obtained a consumer report for employment purposes between February 26,

4

> 2019 and July 1, 2021 and Defendant's records reflect that the consumer report contained an item of information coded as potentially disqualifying for employment with Defendant.

District courts are given broad discretion to determine whether class certification is appropriate. *In re Whirlpool Corp. Front-Loading Washing Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir.2013). As explained below, certification of this Settlement Class satisfies Rule 23's requirements and is otherwise appropriate.

## 1.   The Settlement Class is Ascertainable

"Before delving into the rigorous analysis required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class." *Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266 (E.D. Ky. 2009) (citing *Bentley v. Honeywell International Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004)). "[C]lasses should be defined to specify a particular group," so the court can "ascertain its membership in some objective manner." *Kinder v. Northwestern Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011); *In re Skelaxin (Metaxalone) Antitrust Litigation*, 299 F.R.D. 555, 567 (E.D. Tenn. 2014) ("[T]he class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.") (internal citations omitted).

Here, the requirements for membership in the Settlement Class are clearly delineated based on objective criteria: Applicants and employees between February 26, 2019 and July 1, 2021 upon whom Defendant procured a consumer report for

employment purposes and its records reflect contained an item of information coded as potentially disqualifying for employment.[1]

### 2.  Rule 23(a) Is Satisfied

#### a.  Numerosity

This requirement mandates that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda*, 370 F.3d 565, 570 (6th Cir. 2004).  Although there is no fixed numerical threshold for determining impracticability of joinder, a "'substantial' amount of members will suffice." *Davidson v. Henkel Corp.*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) (certifying a class of 49 plaintiffs); *Curry v. SBC Comm'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008) (noting that 40 class members is sufficient to satisfy the numerosity requirement).  Here, there are approximately 1,645 identified individuals in the Settlement Class, easily exceeding the numerosity threshold.

#### b.  Commonality

There must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  This means class claims must depend upon a contention that is capable of class wide resolution. *Dukes*, 564 U.S. at 347.  "[T]he commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Fallick v. Nationwide Mutual*

---

[1] Defendant maintained detailed records identifying putative class members.

*Insurance Co.*, 162 F.3d 410, 422 (6th Cir. 1998).  The threshold for demonstrating the commonality requirement is not high, as "complete identity of issues is not required," *Merenda v. VHS of Michigan Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013), and is satisfied when there is one question common to the class, the resolution of which will advance the litigation. *See Whirlpool Litig.*, 722 F.3d at 852–53.

Here, Plaintiff alleges Defendant obtained her consumer report for employment purposes and used it to take an adverse employment action against her (denial of employment) but failed to first provide her with notice and a copy of the consumer report.  Thus, Plaintiff's claims and, in turn, the claims of the Settlement Class can be resolved by determining: (1) whether Defendant obtained her consumer report for employment purposes, (2) whether Defendant used her consumer report to take an adverse employment action against her, and (3) whether Defendant failed to first provide her with notice and a copy of the report before taking the adverse employment action.  These questions are common to the entirety of the Settlement Class.  Accordingly, Rule 23(a)'s commonality is satisfied.

### c.   <u>Typicality</u>

The class representative's claims must be typical. Fed. R. Civ. P. 23(a)(3).  "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). "A representative's claim may be considered typical, despite the fact that evidence relevant to his or her claim varies from other class members, some class members

would be subject to different defenses, and the members may have suffered varying levels of injury. *Kerns v. Caterpillar, Inc.*, 2007 WL 2044092, at *5 (M.D. Tenn. July 12, 2007) (citing *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 885 (6th Cir. 1997)); *see also Reese v. CNH America, LLC*, 227 F.R.D. 483, 487-88 (E.D. Mich. 2005).  By pursuing her own claim, Plaintiff advanced the interests of the putative Background Check Class.  *Date v. Sony Elecs., Inc.*, 2013 WL 3945981, at *3 (E.D. Mich. July 31, 2013)("Because all Class Members' claims arise from the same course of conduct . . . their claims are based on the same legal theory and the typicality requirement, which is not onerous, is met.")

In this case, Plaintiff alleges that Defendant engaged in a sufficiently standardized course of conduct.  Plaintiff alleges that the same policies, practices and procedures applied to Plaintiff and to the members of the Settlement Class. Although Defendant indicated that it would vigorously contest liability and class certification absent a settlement, there is sufficient information here to support Plaintiff's contention that for settlement purposes Plaintiff's claims arise from the same underlying facts giving rise to the claims of the Settlement Class.  Rule 23(a)'s typicality requirement is thus satisfied.

### d.   Adequacy of the Class Representative

Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class."  As such, "(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through

8

qualified counsel." *Int'l Union v. Ford Motor Co.*, 2006 WL 1984363, at *19 (E.D. Mich. July 13, 2006)(quoting *Senter v. General Motors Corp.*, 532 F.2d, 511, 525 (6th Cir. 1976)).   Adequacy exists when the named plaintiff is a part of the class, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 625–26).

Plaintiff is familiar with the conduct alleged, and she agreed from the onset of the litigation to represent the interests of the Settlement Class.  Plaintiff is a member of the Settlement Class, has the same interest in achieving maximum recovery, and there are no conflicting or antagonistic interests between she and the Settlement Class.   In both her "individual" and "representative" role, Plaintiff has actively participated in the litigation.  She has reviewed documents and provided invaluable insight regarding Defendant's alleged practices.  Without Plaintiff, this settlement would not have been possible.  She has more than fulfilled her obligations as an adequate representative, thereby satisfying Rule 23(a)'s adequacy requirements.

      **3.**    **The Settlement Class Satisfies Rule 23(b),**
                **Specifically Rule 23(b)(3)'s Predominance and Superiority**

          **a.**    **Predominance**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *In re American Med. Sys.*, 75 F.3d 1069, 1084 (6th Cir. 1996) ("[Rule 23](b)(3) parallels subdivision (a)(2) in that both require that common questions exist, but subdivision

(b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues.")  Said plainly, the predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).  When there is a single factual or legal question common to the class, the "predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).  Common issues are at the heart of a case when there is generalized evidence that would prove or disprove an element of the action on a class-wide basis. *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001); *see also Powers*, 501 F.3d at 619 (noting that "[c]ases alleging a single course of wrongful conduct are particularly well-suited to class certification").

Here, the core facts common to the Settlement Class all stem from Defendant's use of consumer reports for employment purposes, and its practices when such reports contained codes potentially disqualifying a person from employment.  The process was sufficiently standardized for all Settlement Class Members.  The predominating issue is whether Defendant's practices violated the pre-adverse action notice requirement set forth in 15 U.S.C. § 1681b(b)(3)(A).  This issue is the same as to every Settlement Class Member.  There are no other questions requiring individual review or any other pertinent facts requiring an impermissible individualized analysis.  Moreover, to the extent there are individual issues, questions of law and fact common to the class still predominate.  For this reason, the Rule 23(b)(3) predominance requirement is satisfied.

b. **Superiority**

Rule 23(b)(3)'s superiority requirement is also satisfied. This requirement calls on the Court to determine whether a class action is superior to other methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23(b)(3). *Windsor*, 521 U.S. at 615; *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 186 (S.D. Ohio 2012) ("A matter may be certified under Rule 23(b)(3) when common issues of fact and law predominate and the class mechanism is superior to other methods of relief.") The factors to be considered in determining the superiority of the class mechanism are: (1) the interest in controlling individual prosecutions; (2) the existence of other related litigation; (3) the desirability of concentrating the litigation in the forum; and (4) manageability. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-08 (6th Cir. 2004). Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625-26 (6th Cir. 2005) (quoting *Windsor*, 521 U.S. at 617). With a class settlement structure, a large group of claimants' claims can be adjudicated efficiently in one lawsuit.

Here, the amount in controversy for any individual claimant is relatively small, since the statutory damages available are between $100.00 and $1,000.00. *See* 15 U.S.C. § 1681n. Most individuals, and most attorneys, would have no interest in spending the time or dedicating the resources necessary to prosecute individual claims. As evidence thereof, none of the estimated 1,500 other class members have

11

similar claims pending against Defendant.  Thus, "there is no indication that any class member wants to individually control his or her own separate action." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 408 (E.D. Mich. 2012).  Consequently, absent a class settlement, it is doubtful there would be other avenue of relief for class members.  *See, e.g.*, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997).  On these facts, Rule 23(b)(3)'s superiority requirement is thus satisfied, and Rule 23(b)(3)'s requirements, as a whole, are met.

### 4.    Class Counsel Will Fairly and Adequately Represent the Class.

Rule 23(g) requires that "a court that certifies a class must appoint class counsel."  In doing so, the court "must consider:

   (i)    the work counsel has done in identifying or investigating potential claims in the action;

   (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii)  counsel's knowledge of the applicable law; and

   (iv)   the resources that counsel will commit to representing the class."

Fed. R. Civ. P. 23(g)(A).  "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2); *see also Meyers v. Dtna Trucks N.A., LLC,* 2014 WL 12531121, at *6, n.4 (W.D. Tenn. Oct. 8, 2014) (noting that while adequacy of class counsel was once considered as part of the Rule 23(a)(4) analysis, it is now governed by Rule 23(g)); *accord Kinder*, 278 F.R.D. at 184, n.4.

These requirements are satisfied here.  The class has been represented by Marc Reed Edelman.  Mr. Edelman has been practicing law for twenty-five years and his

qualifications are detailed in the attached Declaration. Mr. Edelman identified the FCRA violation alleged in the Complaint and negotiated a favorable class-wide resolution in a relatively short time-frame. Since 2016, Mr. Edelman has been named Class Counsel in well over a dozen similar FCRA class action lawsuits. (Exhibit "B," Edelman Decl., ¶ 6.)

## B. <u>The Settlement Merits Preliminary Approval</u>

Having demonstrated that certification of the Settlement Class is warranted and appropriate, the Parties turn to preliminary approval of their settlement. As with certification, the Parties maintain that preliminary approval is warranted and appropriate. The Court incorporates a two stage process to review a class action settlement - preliminary and final approval. Rule 23(e). Fed. R. Civ. P. 23(e)(1)-(2) (eff. Dec. 1, 2018); *see* Conte & Newberg, 4 *Newberg on Class Actions*, § 11.25, at 38–39 (4th ed. 2002). The first step is a "preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). Before the Court can grant preliminary approval and direct notice to the classes, Plaintiff must "show[] that the court will likely be able to approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(2) (eff. Dec. 1, 2018). Approval under Rule 23(e)(2) requires that the settlement be fair, reasonable, and adequate taking into consideration the following factors: (1) whether the class representative and class counsel have adequately represented the class; (2) whether

13

the settlement was negotiated at arm's length; (3) whether the settlement treats class members equitably relative to each other; and (4) whether the relief provided for the class is adequate. Fed. R. Civ. P. 23(e)(2) (eff. Dec. 1, 2018).

Here, Plaintiff and Class Counsel have adequately represented the Settlement Class. By agreeing to serve as Class Representative, Plaintiff sacrificed her own self-interests. Instead of pursuing other potential employment-related claims against Defendant individually, Plaintiff agreed to serve as Class Representative in an action for statutory damages with no expectation of a recovery in excess of any class recovery. Concomitantly, Class Counsel identified the claims and leveraged his experience in FCRA class actions into a favorable outcome for the Settlement Class. Ultimately, Settlement Class Members will reap the rewards of Plaintiff's and Class Counsel's commitment and expertise, monetizing claims they didn't even know existed without exerting any effort except filing a claim form.

The Settlement was negotiated at arms-length after a full day of mediation with an esteemed FCRA class action mediator. *See Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008) (finding adversarial nature of the litigation supported the "arm's length" factor of settlement approval). While negotiations were at times contentious, both sides were represented by experienced FCRA class action attorneys aware of the risks and pitfalls inherent in prolonged class action litigation. *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) (arm's-length negotiations conducted "by

14

adversarial parties and experienced counsel" are indicative of a settlement's fairness, reasonableness, and adequacy).

To approve a settlement that would bind class members, a district court must conclude it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Several factors guide this inquiry: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest. *See*, *e.g.*, *Intl. Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). As explained below, each factor, when applicable, weighs in favor preliminary approving the settlement at this time.

> ### a.    The likelihood of success on the merits weighed against the amount and form of relief offered in the Settlement

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Development Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th

Cir. 2011) (citations omitted).  While the Court must "weigh the plaintiff's likelihood of success on the merits against the amount and form of relief offered in the settlement," the Court need not "decide the merits of the case or resolve unsettled legal questions." *Johnson v. W2007 Grace Acq. I, Inc.*, 2015 WL 12001269, at \*7 (W.D. Tenn. Dec. 4, 2015); *see also Todd v. Retail Concepts, Inc.*, 2008 WL 3981593, at \*4 (M.D. Tenn. Aug. 22, 2008).  The "ultimate question is whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 595 (E.D. Mich., Nov. 1, 2006).  That is, the court must balance the benefits of a certain and immediate recovery through settlement against the inherent risks of litigation. *See, e.g.*, *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984)*; Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

Ultimately, here, recovery under the proposed settlement is favorable for the estimated 1,500 Class Members in light of the inherent uncertainty in any litigation and the risks specific to this case.  If this litigation proceeds, Defendant will vigorously defend this action.  Plaintiff and the Settlement Class will face significant obstacles to obtaining a settlement under equal or better terms than those for which the Parties presently seek the Court's approval.

Defendant will contest any efforts to certify a class and will challenge Plaintiff's and the absent class members standing at the class certification phase.  If a class were to be certified, Defendant would most likely file an interlocutory appeal pursuant to Rule 23(f).  If the interlocutory appeal proved unsuccessful, Defendant would most likely

move for decertification or appeal the class certification decision.   Any one of these challenges could significantly prolong the litigation at considerable expense to Plaintiff and potentially result in no recovery for Class Members.   With this settlement, these uncertainties and risks are avoided across all phases of litigation.

Still further, prevailing on liability at trial would not ensure class-wide recovery. Absent this settlement, to otherwise recover any statutory damages under the FCRA, Plaintiff and the Class Members must not only prove that Defendant failed to comply with the statutory requirements but did so willfully.   *See* 15 U.S.C. § 1681n(a); *Garland v. Memphis–Shelby County Airport Authority*, 2011 WL 13090678, at *4 (W.D. Tenn. July 19, 2011) (recognizing proving willfulness places a heavy burden on a plaintiff). Although Plaintiff contends that the violations were willful, Defendant denies this contention and will contest willfulness if the litigation proceeds.   Should either succeed in doing so, it will limit—if not prohibit—recovery by Plaintiff and the Class Members. *See, e.g.*, *Schoebel v. Am. Integrity Ins. Co.,* 2015 WL 3407895, at *7 (M.D. Fla. May 27, 2015) (dismissing FCRA stand-alone disclosure case seeking statutory damages because alleged violation was not willful); *Lewis v. Southwest Airlines Co.*, 2018 WL 400778, at *5 (N.D. Tex. Jan. 11, 2018) (summary judgment for defendant on issue of willfulness).   And, without this settlement, certification under the current class definition is not certain.   Although Defendant denies liability and has asserted affirmative defenses to the claims, both recognize, as Plaintiff does, the expense and risks inherent in proceeding to trial.

17

A negotiated settlement that provides immediate relief is preferable to protracted litigation and an uncertain outcome.   Weighed against the risks associated with litigation, the proposed settlement is fair, reasonable, and adequate.   *To wit*, the proposed settlement compares favorably to the limited range of damages available under the FCRA that could potentially be recovered at trial contingent upon a finding of willfulness.   Plaintiff seeks to recover compensation under 15 U.S.C. § 1681n(a)(1)(A), (2), and (3) for herself and the other Class Members consisting of (a) statutory damages of not less than $100.00 and not more than $1,000.00; (b) punitive damages, (c) attorney's fees and costs.   However, as Section 1681n(a) of the FCRA indicates, proof of noncompliance with the technical requirements *per se* does not equate to a finding of willfulness.   And, even if Plaintiff were to establish liability for willful noncompliance, the determination as to the size of the award is left to the discretion of the jury, which could possibly award no damages.

The settlement proposed secures an estimated gross monetary payment to each Class Member in the amount of $296.00, subject to reduction for attorneys' fees, notice and administration costs and class representative's general release compensation.   Class Counsel estimates the net payment to each claiming Settlement Class Member will be approximately $182.00, a very good settlement providing more relief to Class Members than most other recently approved settlements.   The district court in *Hillson v. Kelly Services Inc.*, for example, summarized the details of recently-approved settlements, all of which are less than the Settlement in this case:

The results counsel achieved for the class were good.  The gross recovery (i.e., recovery before fees and other expenses are taken from the fund) is $30.00 per Class Member (on average).  This appears to be in line with the average per-class-member gross recovery in other settlements of stand-alone disclosure claims. *See Moore v. Aerotek, Inc.*, No. 2:15-CV-2701, 2017 WL 2838148, at *4 (S.D. Ohio June 30, 2017) (per-capita gross recovery of $25.00 in case involving a stand-alone disclosure claim and a claim that employer did not provide a copy of consumer report), *report and recommendation adopted*, 2017 WL 3142403 (S.D. Ohio July 25, 2017); *Lagos v. Leland Stanford Junior Univ.*, No. 15-CV-04524-KAW, 2017 WL 1113302, at *2 n.1 (N.D. Cal. Mar. 24, 2017) (per-capita gross recovery of $26.00); *Lengel v. HomeAdvisor, Inc.*, No. CV 15-2198, 2017 WL 364582, at *9 (D. Kan. Jan. 25, 2017) (citing FCRA disclosure cases with per-capita gross recoveries of $33.00, $40.00, and $44.00).

2017 WL 3446596, at *3 (E.D. Mich. Aug. 11, 2017); *Sharp v. Imperial Guard and Detective Services*, et al., No. 2:18-cv-02325-cgc-Dkt. 137 (W.D.Tenn. July 21, 2020)(Magistrate Judge Claxton approved FCRA class action providing $272.00 gross recovery ($172.00 net) for class members alleging multiple FCRA violations by two defendants).  In all, the Settlement presents Class Members with the opportunity for a fair and immediate recovery.  This factor, therefore, weighs in favor of the Court granting preliminary approval of the Settlement.

### b.   The potential risks, expense, and likely duration of the litigation.

"[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Southeastern Milk Antitrust Litig.*, 2012 WL 2236692, at *3 (E.D. Tenn. June 15, 2012) (citing *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001)); *see also*

*Gokare v. Fed. Express Corp.*, 2013 WL 12094870, at *4 (W.D. Tenn. Nov. 22, 2013) (granting final approval, court noted settlement "secures a substantial benefit for the Class in a highly complex action, undiminished by further expenses, and without delay, costs and uncertainty of protracted litigation").

Here, as detailed above, there would be many pitfalls on the road to class-wide recovery.  If the settlement is approved, Plaintiff and the Settlement Class have the opportunity to monetize their claims in the short term and eliminate all risk without incurring additional expenses.  Accordingly, this factor weighs in favor of the Court granting preliminary approval of the Settlement.

### c.   Class Counsel endorses the Settlement

Class Counsel believes this settlement is in the best interest of the Class, and merits approval by the Court.  (Exhibit "B," Edelman Decl., ¶¶ 9-11)  Class Counsel's approval and endorsement of the settlement also weighs in favor of approval.  *See Olden v. Gardner*, 294 F. App'x 210, 219 (6th Cir. 2008) (a court "should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *Dallas v. Alcatel-Lucent USA, Inc.*, 2013 WL 2197624, at *9 (E.D. Mich. May 20, 2013) ("Plaintiffs' counsel's informed and reasoned judgment and their weighing of the relative risks and benefits of protracted litigation are entitled to deference.").

### d.   The amount of discovery

Prior to mediation, the Parties informally exchanged documents and information outside of the formal discovery process.  From Plaintiff's perspective, the

discovery Defendant produced was verifiable through multiple data points. By the time the Parties agreed to settlement terms, Class Counsel unequivocally had sufficient information to determine the value of the case and conclude the Settlement to be a fair compromise. This is all that is required for this factor to support approval. *See In re Regions Morgan Keegan Securities, Derivative, and ERISA Litig.*, 2016 WL 8290089, at *5 (W.D. Tenn. Aug. 2, 2016). As such, this factor weighs in favor of granting this Motion.

e.    **The Settlement is fair to unnamed class members**

With this factor, courts are to evaluate whether named plaintiffs receive "preferential treatment," while the relief provided to the unnamed class members is "perfunctory." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013). That is not the case here. While Plaintiff is receiving additional compensation for providing a general release, it is neither excessive nor the product of improper negotiations. Plaintiff was briefly employed by Defendant and is releasing other potential claims and agreeing not to seek rehire. See, e.g. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit."). Moreover, relief provided to the unnamed class members is hardly perfunctory. It is identical to the relief obtained by Plaintiff. *See Office and Professional Employees*, 311 F.R.D. at 458 (noting factor "clearly is satisfied here, as the settlement provides no special benefits for the class representatives beyond what the unnamed Class Members will receive").

21

### f.   The reaction of absent class members

Class Counsel is not aware of any reaction from unnamed Settlement Class Members.  The fairness hearing and any objections will provide the Court with the means to evaluate the response of the Settlement Class.

### g.   The Settlement was the product of arm's length negotiations

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *IUE-CWA*, 238 F.R.D. at 598.  As noted above, the Settlement was obtained at a mediation session with an experienced FCRA class action mediator. This factor, therefore, weighs in favor of granting this Motion.

### h.   The public interest is served by the Settlement

There is an "overriding public interest in favor of settlement of class action lawsuits." *Manners v. American General Life Insurance Co.*, 1999 WL 33581944, at *19 (M.D. Tenn. Aug. 11, 1999) (quoting *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 140 (W.D. Ky. 1992)).  Here, the public interest has been served by the Settlement.  Defendant has changed its practices regarding the use of consumer reports for employment purposes to better ensure applicants and employees with potentially disqualifying codes on their consumer reports receive adequate pre-adverse action notice and a copy of their consumer report beforehand. Finally, the existence of the Settlement in the public record serves as a deterrent to other users of consumer reports for employment purposes and consumer reporting agencies.

C.   <u>**The Proposed Class Notice Should be Approved**</u>

After approving a proposed class settlement, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).   Further, "due process requires that notice to the class be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" *Vassalle*, 708 F.3d at 759 (quoting *UAW*, 497 F.3d at 629).   "All that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *Id.*

The Proposed Class Notice, attached to the Settlement Agreement (Exhibit "A", Ex. "1"), is in accord with both Rule 23(e)(1) and due process.   It plainly describes the nature of the Action; the definition of the Settlement Class; the claims in the case; the details of the Settlement; Class Members' right to object to the Settlement; the adequacy of representation; the attorneys' fees, cost and expenses to be requested by Class Counsel; the deadline for submitting objections; the binding effect of a judgment; and Class Members' right to appear and be heard at a fairness hearing.   *See, e.g.*, *In re Regions Morgan Keegan Securities*, 2013 WL 12110279, at *4 (W.D. Tenn. Aug. 6, 2013) (notice sufficient where it "describes the nature of the class action, the proposed settlement terms, the proposed Plan of Allocation, and the requested attorney's fees and expenses in detail" and it was "written to be understood by non-attorneys.").   The Notice, therefore, should be approved.

23

**D.**     **The Court Should Approve Pertinent**
             **Dates in Connection with the Final Approval Hearing**

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing of notices, deadlines for objecting to the class agreement for submission of a petition of attorneys' fees, and other related deadlines.  Subject to the Court's calendar, the Parties propose the following schedule:

| | |
|---|---|
| Mailing of Class Notice | 14 days after entry of preliminary approval order |
| Motion for Attorney Fees | At least 30 days before objection deadline |
| Deadline to file claims | 60 days after date notice is mailed by settlement administrator |
| Objections to settlement and requests for exclusion from settlement | 60 days after date notice is mailed by settlement administrator |
| Motion for final approval and response to objections to settlement | At least 14 days before final fairness hearing |
| Final approval and fairness hearing | TBD |

**III.     CONCLUSION**

The Settlement meets all requirements of Rule 23; the Settlement is fair, adequate, and reasonable and meets the criteria for approval, and the Proposed Class Notice satisfies the requirements of due process.  Plaintiff, therefore, respectfully

24

requests that the Court grant this Motion and award any additional relief the Court deems warranted under the circumstances.

Dated this 22nd day of November, 2021.

/s/ Marc R. Edelman
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, #700
Tampa, FL 33602-5157
Telephone: 813-223-5505
Facsimile: 813-257-0572
medelman@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via electronic transmission and/or via U.S. Mail on this 22nd day of November, 2021, to the following:

Jaclyn R. Giffen, Esq. (P75316)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
jgiffen@littler.com

William J. Simmons, Esq.
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Wsimmons@littler.com
*Attorneys for Defendant*

/s/ Marc R. Edelman
**MARC R. EDELMAN, ESQ.**