UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                                   Case No.: 2:21-cv-10445-LVP-RSW

DIALOGDIRECT, INC.,

    Defendant.

_____/

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND NOTICE TO SETTLEMENT CLASS**

THIS MATTER came before the Court on December 16, 2021 upon Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Doc. 13]. Having considered the Settlement, all papers and proceedings held herein, having reviewed the record in this action and receiving clarification from counsel, the Court finds:

1.    **History of the Action**

On October 28, 2021, the Parties notified the Court a settlement had been reached, pending completion of a comprehensive settlement agreement. [Doc. 12].

On November 22, 2021, Plaintiff filed an Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Doc. 13]. In accordance

with the Stipulation of Settlement attached therewith, Plaintiff seeks certification, for settlement purposes, of a class defined as:

> All U.S. resident individuals on whom Defendant obtained a consumer report for employment purposes between February 26, 2019 and July 1, 2021 and Defendant's records reflect that the consumer report contained an item of information coded as potentially disqualifying for employment with Defendant.
> [Doc. 13-1]

2. **The Settlement Class Meets the Requirements of Rule 23(a)**

A class action may be maintained if the class fulfills the four "prerequisites" in Rule 23(a) and fits within one of the "types of class actions" under Rule 23(b). *UAW v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). The Court must conduct a "rigorous analysis" to confirm Rule 23 is satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 347 (2011). District courts are given broad discretion to determine whether class certification is appropriate. *In re Whirlpool Corp. Front-Loading Washing Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir.2013). As explained below, certification of this Settlement Class satisfies Rule 23's requirements and is otherwise appropriate.

The Court finds the Settlement Class is ascertainable based on objective criteria – namely, between February 26, 2019 and July 1, 2021, Defendant procured each class member's consumer, and such report contained an item of information coded as potentially disqualifying for employment.

The Court finds numerosity is satisfied, as there are approximately 1,645 members in the Settlement Class.

The Court finds questions commonality is satisfied. Plaintiff's claims, and the claims of the Settlement Class can be resolved by determining 1) whether Defendant procured a consumer report for employment purposes, 2) whether such report contained a code potentially disqualifying the subject from employment, ) whether Defendant failed to first provide notice and a copy of the report before taking adverse action. These questions are common to both Plaintiff and the Settlement Class.

The Court finds typicality is satisfied, as the same policies, practices and procedures applied to Plaintiff and to the members of the Settlement Class.

The Court finds Plaintiff to be an adequate class representative. Plaintiff is a part of the class, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 625–26. The record reflects Plaintiff has participated in the action, and has no conflicts with the Settlement Class.

3. **The Settlement Satisfies the Requirements of Rule 23(b)(3)**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual

3

members. *In re American Med. Sys.*, 75 F.3d 1069, 1084 (6th Cir. 1996) ("[Rule 23](b)(3) parallels subdivision (a)(2) in that both require that common questions exist, but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues."). The Court finds the core facts common to the Settlement Class all stem from Defendant's use of consumer reports for employment purposes, and its practices when such reports contained codes potentially disqualifying a person from employment. The process was sufficiently standardized for all Settlement Class Members. The predominating issue is whether Defendant's practices violated the pre-adverse action notice requirement set forth in 15 U.S.C. § 1681b(b)(3)(A). This issue is the same as to every Settlement Class Member. There are no other questions requiring individual review or any other pertinent facts requiring an impermissible individualized analysis. Moreover, to the extent there are individual issues, questions of law and fact common to the class still predominate. For this reason, the Rule 23(b)(3) predominance requirement is satisfied

The Court finds Rule 23(b)(3)'s superiority requirement is also satisfied, as this Settlement efficiently resolves the claims of 1,645 consumers. Moreover, the amount in controversy for any individual claimant is relatively small, since the statutory damages available are between $100.00 and $1,000.00. *See* 15 U.S.C. §

4

1681n. Any member who believes they have suffered actual damages has the right to opt out of the Settlement to pursue their claims on an individual basis.

4. **The Court Preliminarily Approves the Settlement**

The Court incorporates a two stage process to review a class action settlement - preliminary and final approval. Fed. R. Civ. P. 23(e)(1)-(2) (eff. Dec. 1, 2018); *see* Conte & Newberg, 4 *Newberg on Class Actions*, § 11.25, at 38–39 (4th ed. 2002). The first step is a "preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). Before the Court can grant preliminary approval and direct notice to the classes, Plaintiff must "show[] that the court will likely be able to approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(2).

Before approving a settlement that would bind class members, a district court must conclude that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Several factors guide this inquiry: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6)

objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest. See, e.g. *Intl. Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors* Corp., 497 F.3d 615, 631 (6th Cir. 2007).

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Development Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011). (citations omitted). The Court has evaluated the probability of success relative to the benefits of the Settlement. The Court finds the interests of the class as a whole are better served if the litigation is resolved now, as Settlement Class Members are receiving gross awards of $287.00, over 28% of the maximum statutory damages available.

"[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Southeastern Milk*, 2012 WL 2236692, at *3 (citing *In re Telectronics Pacing Sys., Inc.*, 137 F.Supp.2d 985, 1013 (S.D. Ohio 2001)). See also *Gokare v. Fed. Express Corp.*, 2:11-CV-2131-JTF-CGC, 2013 WL 12094870, *4 (W.D. Tenn. Nov. 22, 2013).

The Court finds the Settlement, which eliminates future costs, delays and risk, to be in the best interest of the Class.

Class Counsel supports the Settlement. The Court finds Class Counsel's support of the Settlement weighs in favor of approving the Settlement.

The Court has reviewed Class Counsel's declaration in support of the Settlement. The Court finds Class Counsel had sufficient information to determine the value of the case and conclude the Settlement to be a fair compromise.

The Court is not aware of any objections or concerns from unnamed Settlement Class Members, which weighs in favor of preliminary approval.

The Court finds this Settlement to be a product of arm's length negotiations. Settlement was reached after a full day mediation session with a known and respected mediator, Mr. Carlos Burruezo, Esq. The Court finds no evidence of fraud or collusion.

The Court finds the Settlement is in the public interest. By way of this litigation, Plaintiff and Class Counsel have effectuated changes in Defendant's policies and procedures, from which future consumers employees and applicants shall benefit. The Court finds the Settlement to be in the public interest.

The Court finds the $5,000.00 compensation provided to Plaintiff for executing a general release and serving the class, to be reasonable, as Plaintiff

Latedia Washington has sacrificed her individual claims against Defendant and brought the action that ultimately resulted in class wide relief.

5. **Class Counsel will Fairly and Adequately Represent the Class**

The Court finds Marc R. Edelman, Esq. and his firm, Morgan & Morgan P.A. will adequately represent the Settlement Class. Mr. Edelman has been practicing law for over 25 years, identified the FCRA violation alleged, and obtained a very favorable outcome for the Settlement Class. Additionally, Mr. Edelman has been named as Class Counsel in more than a dozen similar FCRA class action lawsuits.

For the reasons detailed herein, the Court finds the Settlement should be preliminarily approved.

6. **The Proposed Notice Meets the Requirements of Rules 23(c)(2)(B) and (e)(1)**

The Court finds the Notice of Proposed Class Action Settlement (Attached as Exhibit "A") meets the requirements of Federal Rules of Civil Procedure and comports with due process by clearly notifying class members of their rights to claim their share of the settlement, object to the settlement or opt out of the settlement to pursue individual claims, as well as a reasonable timeframe within which to exercise those rights. Thus, the Court approves the proposed notice plan and the language of the Notice proposed by the Parties.

Finally, the Court sets this case for hearing for final approval of the settlement on **April 6, 2022** at **10:00 a.m**., and instructs the Parties to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

**DONE AND ORDERED** at Detroit, Michigan on January 6, 2022.

                                                       s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: January 6, 2022

**COPIES FURNISHED TO:**
Counsel of Record

# EXHIBIT "A"

*A court authorized this notice.  This is not a solicitation from a lawyer.*

**NOTICE OF CLASS ACTION SETTLEMENT**

**IF DIALOGDIRECT, INC. OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK) FOR EMPLOYMENT PURPOSES, THE REPORT CONTAINED INFORMATION CODED AS POTENTIALLY DISQUALIFYING AND YOU WERE DENIED EMPLOYMENT, YOU ARE ELIGIBLE TO RECEIVE APPROXIMATELY $182.00 FROM A CLASS ACTION SETTLEMENT.**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A CLASS MEMBER.  YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
| --- | --- |
| **HOW TO GET PAID FROM THE SETTLEMENT** | If you timely return the attached Claim Form or file a claim through the Settlement Website noting that you choose to receive a cash recovery, and the Court grants final approval of the Class Settlement, you will be sent a Settlement Check estimated to be $182.00.<br><br>THE CLAIM FORM MUST BE RECEIVED BY THE CLASS SETTLEMENT ADMINISTRATOR NO LATER THAN _____, 2022. |
| **IF YOU DO NOTHING** | If the Court approves the Settlement and you do nothing, you will be releasing your claims and you will not receive any money.  The Full Release and Released Parties are available on the Settlement Website, www.washingtonfcrasettlement.com |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out") if you do not wish to be part of the Settlement Class or believe you have suffered actual damages.  You can opt out by following the instructions on the Settlement website.  You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit. The opt out deadline is _____, 2022. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement. The deadline for filing objections is [60 days from mailing date], 2022. The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website.  If the Settlement is approved, you will not be able to sue DialogDirect, Inc. for claims relating to an employment background check when you applied for a job.

**What is this lawsuit about?**

This lawsuit is pending in the United States District Court for the Eastern District of Michigan.  Latedia Washington (the "Plaintiff"), sued DialogDirect, Inc. in this class action case (*Washington v. DialogDirect, Inc., 2:21-CV-10445*) alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(3), because it failed to

11

provide applicants subjected to an adverse employment action, based in whole or in part on their consumer report, notice and a copy of the report before taking such action. DialogDirect contends that its procedures did not violate the FCRA, and did not willfully violate the FCRA. DialogDirect maintains that, absent a settlement, it would have vigorously defended the case on the merits and for class certification purposes, and is settling because of the expense of litigation, the length of time necessary to resolve the issues presented, and the inconvenience involved..

This "Adverse Action Class" is defined to include:

> All U.S. Resident individuals on whom Defendant obtained a consumer report for employment purposes between February 26, 2019 and July 1, 2021 and Defendant's records reflect that such report contained an item of information coded as potentially disqualifying for employment with Defendant.

**Who are the Attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

**Marc R. Edelman**
**Morgan & Morgan, P.A.**
**201 N. Franklin Street, 7th Floor**
**Tampa, FL 33602-5157**
**813-223-5505**

Defendant has agreed to establish a Settlement Fund up to a maximum amount of $487,500.00 to settle this lawsuit. Subject to the Court's approval, DialogDirect, Inc. has agreed to compensate Class Counsel for its attorney's fees an amount equal to one-third of the Settlement Fund ($162,337.50). Class Counsel will also ask the Court to approve a $5,000.00 payment to Plaintiff for her service to the class and as compensation for releasing all claims against DialogDirect, Inc.

**What rights am I giving up in this Settlement?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Class, which means you give up your right to sue or file a lawsuit against DialogDirect, Inc. or its related entities regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include DialogDirect, Inc. and its parent and related companies, direct or indirect affiliates, principals and agents. You will be releasing these parties from all claims relating to the procurement of a background check when you applied for a job.

**If I chose to do so, how do I exclude myself from the Settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

American Legal Claims Services
[INSERT ADDRESS]

Your request for exclusion must be in writing and postmarked on or before _____, 2022. The request must state: "I do not want to be part of the Class in *Washington v. DialogDirect, Inc., 2:21-CV-10445*. The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on _____2022, at _____ a.m./p.m.. The hearing will be held in the United States Federal Courthouse for the Eastern District of Michigan, [Insert Address]. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

Where can I get additional information?

This notice is only a summary of the proposed Settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website www.washingtonfcrasettlement.com.