UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

    Plaintiff,

v.                                        Case No.: 2:21-cv-10445-LVP-RSW

DIALOGDIRECT, INC.,

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR
ATTORNEY FEES AND COSTS AND GENERAL
RELEASE COMPENSATION TO CLASS REPRESENTATIVE**

Plaintiff, Latedia Washington ("Plaintiff"), by and through the undersigned counsel, hereby files Plaintiff's Unopposed Motion for Attorney Fees and Costs and General Release Compensation to Class Representative (the "Motion"). In support of the Motion, Plaintiff provides the following memorandum attached hereto.

Dated this 17th day of February, 2022.

                                        /s/ *Marc R. Edelman*
                                        **MARC R. EDELMAN, ESQ.**
                                        **MORGAN & MORGAN, P.A.**
                                        201 N. Franklin Street, #700
                                        Tampa, FL 33602-5157
                                        Telephone: 813-223-5505
                                        Facsimile:  813-257-0572
                                        medelman@forthepeople.com
                                        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via electronic transmission and/or via U.S. Mail on this 17th day of February, 2022, to the following:

Jaclyn R. Giffen, Esq. (P75316)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
jgiffen@littler.com

William J. Simmons, Esq.
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102.1321
Wsimmons@littler.com
*Attorneys for Defendant*

                                        **/s/** *Marc R. Edelman*
                                        **MARC R. EDELMAN, ESQ.**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

    Plaintiff,

v.                                          Case No.: 2:21-cv-10445-LVP-RSW

DIALOGDIRECT, INC.,

    Defendant.

_____/

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES AND COSTS AND GENERAL RELEASE COMPENSATION TO CLASS REPRESENTATIVE

**I.**     **OVERVIEW OF MOTION**

This Settlement resolves a Fair Credit Reporting Act ("FCRA") class action lawsuit for alleged violations of the FCRA's employment-related provisions. Class Counsel's efforts have resulted in a Settlement Fund of $487,500.00, a gross recovery of approximately $296.00 for each Class Member.[1]

Class Counsel's request for an attorneys' fee award of one third of the Settlement Fund is justified by the monetary benefit obtained for the Settlement Class and by the prospective non-monetary benefits to future applicants and

---

[1] If the Settlement is finally approved and Class Counsel's request for attorneys' fees, costs and Plaintiff Washington's general release compensation are granted, each Settlement Class Member is expected to receive $182.00.

4

employees. The statutory damages available for the FCRA violations alleged range from $100.00 to $1,000.00. *See* 15 U.S.C. § 1681n. With relatively low damages available, it is highly unlikely that individual employees or applicants would ever pursue similar actions against Defendant. If Class Counsel and Plaintiff had not pursued this action and obtained the Settlement, it is doubtful Settlement Class Members would have ever received monetary awards or that Defendant would have changed its practices.

Rule 23 class actions are inherently complex. FCRA class actions are even more so because recent Supreme Court cases addressing Article III standing in the FCRA context have created uncertainty. Here, Class Counsel leveraged an unproven theory of liability into a class wide settlement. To prosecute the action, Class Counsel invested time and resources without any guaranteed return. Regardless of the potential pitfalls, Class Counsel took the risk and obtained a fantastic result for the Settlement Class. Not many attorneys would have even recognized the existence of the claims, accepted the undertaking or had the skill or expertise to obtain similar results in a relatively short amount of time.

Without question, the requested fee is "reasonable" by Sixth Circuit standards. As to expenses, Class Counsel seeks reimbursement of out-of-pocket expenses in the amount of $3,141.95 incurred litigating this action through final settlement and payment not to exceed $20,000.00 to American Legal Claim

5

Services, LLC for administering the settlement. Class Counsel is also requesting the Court approve a $5,000.00 payment to Plaintiff as consideration for her execution of a general release and recognition for her service to the Class, as this Settlement would not be possible without Plaintiff's efforts.

## II. SUMMARY OF THE LITIGATION

On February 26, 2021, Plaintiff filed her class action lawsuit alleging Defendant had violated 15 U.S.C. § 1681b(b)(3)(A) by taking an adverse employment action against her without first providing her pre-adverse action notice and a copy of her consumer report. (Dkt. 1). On April 23, 2021, Defendant filed its Answer, including a litany of affirmative defenses. (Dkt. 5). Thereafter, the Court obliged the Parties' request to stay the action and thus provide the Parties the opportunity to explore early resolution. (Dkt. 8).

On August 24, 2021, the Parties attended a mediation session with Mr. Carlos Burruezo, Esq., a respected and experienced FCRA class action mediator. After a full day of negotiations, the Parties agreed to a settlement in principal. Subsequently, Class Counsel drafted the Settlement Agreement and Joint Motion for Preliminary Approval. (Dkt. 13-1).[2]

As detailed in the Parties Joint Motion for Preliminary Approval (Dkt. 13) and acknowledged by the Court in its Order preliminarily approving the

---

[2] Class Counsel has also agreed to take primary responsibility for drafting the Joint Motion for Final Approval at the appropriate time.

6

Settlement, Class Counsel "obtained a very favorable outcome for the Settlement Class" (Dkt. 15, P. 8) and "[b]y way of this litigation . . . effectuated changes in Defendant's policies and procedures, from which future employees and applicants shall benefit." *Id.* at 7.

### III. ATTORNEYS' FEES REQUEST

**A. Class Counsel's Attorneys' Fee Request is Reasonable**

The Settlement agreement establishes a common fund of $487,500.00. Additionally, the Settlement has obtained non-monetary benefits for prospective applicants and employees, to which the Parties have not assigned a monetary value but nonetheless furthers the public's interests. "When awarding attorneys' fees, a court must make sure that counsel is fairly compensated for the amount of work done as well as the results achieved." *Rawlings v. Prudential Bache Props.*, Inc. 9 F.3d 513, 516 (6th Cir. 1993). Attorneys' fees can be calculated by using a lodestar or a percentage of the settlement fund. Of the two, the percentage of the fund method provides several advantages – "it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Id*.

The percentage of the fund method is preferred. See *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016)(The percentage method

7

"more accurately reflects the results achieved."); *See also Fitzgerald v. P.L. Mktg., Inc.,* No. 217CV02251SHMCGC, 2020 WL 3621250, at *10 (W.D. Tenn. July 2, 2020) ("The 'percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share (i.e., a 'common fund').") (emphasis added) (internal citations and quotation marks omitted); *Daoust v. Maru Rest., LLC,* No. 17-CV-13879, 2019 WL 2866490, at *5 (E.D. Mich. July 3, 2019).³

Regardless of the methodology employed, the attorneys' fees must be reasonable. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 11196 (6th Cir. 1974). In assessing the reasonableness of a fee request, courts look to six factors, which include: 1) the value of the benefit rendered to the plaintiff class; 2) the value of the services on an hourly basis; 3) whether the services were undertaken on a contingency fee basis; 4) society's stake in rewarding attorneys who produce such benefits as an incentive to others; 5) the complexity of the litigation; and 6) the professional skill and standing of counsel involved on both sides. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351-52 (6th Cir. 2009)(internal quotation marks and citations omitted).

---

³ The fund is the amount of benefits potentially available to be claimed, irrespective of the amount actually claimed. *Boeing v. Van Gemert*, 442 U.S. 472, 478-481 (1980).

### 1. The Award Reasonably Compensates Class Counsel for the Value Obtained for the Class

As a result of the Settlement, a Settlement Fund of $487,500.00 was made available to the Settlement Class. The requested percentage of the Settlement Fund is well within reason and is consistent with the "reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery." *Rawlings*, 9 F.3d at 516. It is also consistent with attorneys' fees typically awarded in the Eastern District of Michigan and other Sixth Circuit district courts. *See Flores v. Express Servs., Inc.*, No. CV 14-3298, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 30, 2017) ("Upon consideration of percentages granted in similar class action settlements, 32.96% of the total common fund is within the range of awards that support approval."); *Southeastern Milk*, 2013 WL 2155387, at *3 (approving 33% attorneys' fee award totaling 52.9 million dollars); *Townsend v. Aim Integrated Logistics, Inc.*, No. 4:15-cv-00493, 2016 WL 8193582 (N.D. Ohio May 12, 2016)(awarding fees of one third of settlement fund); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013)(awarding fees of one third of settlement fund). The first factor thus weighs in favor of the requested award.

### 2. A Lodestar Cross-Check Confirms the Appropriateness of the Award

To determine the lodestar figure, the court multiplies the number of hours

"reasonably expended" on the litigation by a reasonable hourly rate." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). When conducting a lodestar cross-check, courts are spared the task of conducting a rigorous analysis of detailed time records. Instead, the Court may rely upon declarations submitted by Class Counsel. *Gokare*, 2013 WL 12094887, at *7 citing *Southeastern Milk*, 2013 WL 2155387, at *2, n.3 ("Counsel have provided to the Court summary schedules indicating the number of hours spent by the attorneys involved in this litigation and the lodestar calculation based on historical billing rates. Those schedules were prepared from contemporaneous time records not produced by counsel. Unlike the situation when the Court employs the lodestar method in full, 'the hours documented by counsel need not be exhaustively scrutinized by the district court' where a lodestar cross-check is used."); *Johnson*, 2013 WL 2295880, at *6 ("In contrast to employing the lodestar method in full, when using a lodestar cross-check, "the hours documented by counsel need not be exhaustively scrutinized by the district court") (citation omitted).

Here, Class Counsel has submitted a declaration summarizing its time and expenses incurred litigating the action. Specifically, Class Counsel has declared a Lodestar fee of $54,000.00, based on hourly rate of $675.00. The requested percentage of the common fund is equal to $162,337.50. Thus, this amounts to a

multiplier of 3.01, well within the range of previously approved multipliers. See *Hillson v. Kelly Services Inc.*, 2017 WL 3446596 at *6 (E.D.Mich. August 11, 2017)(finding multiplier of 4 to be reasonable in FCRA class action); *McNamara v. Brenntag Mid-South, Inc.*, Case No.: 8:21-cv-0618-MSS-JSS (Dkt. 32 – finding Class Counsel's lodestar fee request based on an hourly rate of $675 reasonable.) (M.D.Fla. February 17, 2022). The "reasonableness" of Class Counsel's requested attorneys' fee award is confirmed by the lodestar cross-check.

### 3. Class Counsel Took This Case on a Contingency Fee Basis Despite Significant Risks

The requested fee award is even more reasonable considering the risks that Class Counsel assumed in undertaking the representation on a contingent fee basis, "an important factor in determining the fee award." *Stanley v. U.S. Steel Co.*, 2009 WL 4646647, at *3. Indeed, "[s]everal courts consider the risk of non-recovery the most important factor in the fee determination." *In re Cardinal Health Inc. Sec. Litigations*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007); *Gokare*, 2013 WL 12094887 at *8 citing *Southeastern Milk*, 2013 WL 2155387, at *5 ("If counsel are not rewarded for this risk, few attorneys will undertake 'the representation of a class given the investment of substantial time, effort and money, especially in light of the risk of recovering nothing.")(citations omitted).

In undertaking this case, Class Counsel assumed the risk of hundreds of hours of attorney time and thousands of dollars in costs. There is limited Sixth

11

Circuit precedent interpreting Article III standing relative to 15 U.S.C. § 1681b(b)(3) and the FCRA's willfulness requirement for obtaining statutory damages. Concomitantly, the Supreme Court's recent *TranUnion* decision has added an additional layer of uncertainty to FCRA class actions. *TransUnion, LLC v. Ramirez*, No. 20-297, slip op. (U.S. June 25, 2021). Class Counsel recognized Defendant could have (and most likely would have) argued against Article III standing for both Plaintiff and the putative class members. Even if Plaintiff survived summary judgment and won at trial on liability, Plaintiff would have been required to prove that Defendant acted willfully to recover any damages. *See* 15 U.S.C. § 1681n(a). To prove willfulness, Plaintiff would have to not only that his interpretation of the FCRA was correct, but that Defendant's interpretation of the statute was objectively unreasonable. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 69 (2007). To challenge the willfulness element, Defendant likely would have relied on the lack of Sixth Circuit cases directly on point at the time of the underlying conduct giving rise to this action.

    Class Counsel took a substantial risk in prosecuting this action. There were no assurances that the putative class would ever be certified, or that Plaintiff could have or would have overcome standing and willfulness defenses. Class Counsel has incurred opportunity costs in prosecuting this action and has received no compensation thus far. There was a very real possibility that Class Counsel would

12

not recover anything for the Class and lose the costs already incurred. There is no disputing the fact Class Counsel took a substantial risk of no recovery when it took this case on a contingency fee basis. For this reason, the third factor supports the requested fee award.

### 4. The Public Interest Favors Incentivizing Class Counsel's Advocacy

Without the possibility of recovering an attorneys' fee, most class actions would never be filed. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, (1980) (observing that "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved person may be without any effective redress unless they may employ the class action device"). Attorneys, like Class Counsel here, who undertake the risk to vindicate legal rights that may otherwise go un-redressed function as "private attorneys general." *Id*. at 338. Here, Class Counsel's furthered FCRA, through which Congress "sought to protect the privacy interests of…potential employees by narrowly defining the proper usage of these reports and placing strict disclosure requirements on employers." *Kelchner* v. *Sycamore Manor Health Ctr.,* 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004), *aff'd,* 135 F. App'x 499 (3rd Cir. 2005).

Here, the public will benefit from this Settlement. The FCRA's pre-adverse action requirement set forth in 15 U.S.C. § 1681b(b)(3)(A) was enacted to ensure

consumers know precisely the information consumer reporting agencies are reporting about them and to allow consumers to address inaccuracies and, even when such reports are accurate, to provide a mechanism for consumers to put their past in context or otherwise plead their case for employment. Now, as a result of the Settlement, there is a public record of a class action settlement against an employer for alleged violations of the FCRA's employment-specific provisions. Not only has Defendant already changed its practices, but the Settlement should serve as a deterrent against similar violations by other employers. Therefore, the fourth factor supports the requested fee award.

### 5. The Complexity of the Case Supports the Requested Fee

Although the facts in this case were fairly straightforward, several factors rendered this case complex. First, class actions are inherently complex. *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). Compared to individual cases, class actions involve unique procedural hurdles, more discovery, and higher stakes. Second, as previously detailed, Art., III standing issues also increased the complexity of this case. *TransUnion, LLC v. Ramirez*, No. 20-297, slip op. (U.S. June 25, 2021). Third, the FCRA's state-of-mind requirement is a formidable barrier to overcome. For the Settlement Class to recover statutory damages, Plaintiff would have had to prove that any violation of the statute was willful. This is no easy task. "[P]roving willfulness may well be

14

difficult in the context of large corporate employers where the locus of particular decision-making is often elusive." *Ellis v. Glover & Gardner Const. Co.*, 562 F. Supp. 1054, 1061 (M.D. Tenn. 1983)(quoting *Stewart v. Travelers Corp.*, 503 F.3d 108, 113 (9th Cir. 1974)). Importantly, each of these risks Class Counsel would have faced would have been "make or break" for the case. Without winning on Article III standing, class certification, and willfulness, there would be no recovery for the Settlement Class. Therefore, the potential complexities of the case support the reasonableness of the requested fee.

### 6. Class Counsel Are Skilled and Experienced in Litigating Similar Cases

Class Counsel's qualifications are set forth in his declaration submitted in support of preliminary approval, which are incorporated herein. [Dkt. 13-2]. This is a complex area of the law, with ubiquitous Article III standing pitfalls and success contingent upon a finding of "willfulness." However, even with these inherent challenges and a highly skilled adversary representing Defendant, Class Counsel was able to efficiently obtain an excellent outcome for the Settlement Class. Class Counsel's experience and in-depth knowledge of the FCRA directly attributed to the final result in this case. Obtaining this settlement was no easy task. Defendant was represented by Mr. William Simmons from the law firm of Littler, Mendelson. Mr. Simmons is preeminent in the FCRA class action arena and has obtained several notable victories for his clients. See *Dyson v. Sky Chefs,*

15

*Inc.*, No. 3:16-CV-3155-B, 2017 WL 2618946, at *9 (N.D. Tex. June 16, 2017) (granting motion to dismiss FCRA class action); *Kelly v. Bus. Info. Grp., Inc.,* No. CV 15-6668, 2016 WL 7404470, at *10 (E.D. Pa. Dec. 22, 2016) (granting partial motion to dismiss FCRA class action). Obtaining this outcome for the Settlement Class against a defendant represented by a lawyer of Mr. Simmons' caliber supports the requested award.

### IV. THE REQUESTED COSTS ARE REASONABLE AND SHOULD BE GRANTED

Class Counsel also seeks reimbursement of its documented, out-of-pocket litigation expenses and approval of the costs of settlement administration. "Under the common fund doctrine, 'class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses.'" *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 244 (E.D. Mich. 2016) (quoting *New England Health Care Emp. Pension Fund v. Fruit of the Loom*, 234 F.R.D. 627, 634-35 (W.D. Ken. 2006)). In determining whether expenses are compensable out of a common fund, courts consider "whether the particular costs are the type routinely billed by attorneys to paying clients in similar cases." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D.

16

508, 535 (E.D. Mich. 2003).

Class Counsel incurred $3,141.95 in out-of-pocket costs. The costs were reasonable and necessary to the successful conclusion of this litigation. Costs include expenses for filing fees, service of process, and mediation. (See Exhibit "A," Decl. Marc Edelman, Ex. "1").

Class Counsel also seeks the Court's approval to pay American Legal Claims Services, LLC, Notice and Settlement Administration costs out of the Settlement Fund, not to exceed $20,000.00. The requested settlement notice and administration costs cover, among other things, expenses incurred or estimated to be incurred for locating class members, mailing notices, creating and hosting a settlement website, processing claims and opt-outs, issuing checks, and postage. Given that this settlement involved 1,645 Class Members, settlement administration costs are fair and reasonable.

Class Counsel respectfully request that the Court approve distribution of $3,141.95 in litigation costs to Class Counsel and for payment out of the Settlement Fund to American Legal Claims Services, an amount not to exceed $20,000.00.

## V. THE COURT SHOULD APPROVE THE REQUESTED CLASS REPRESENTATIVE GENERAL RELASE COMPENSATION AND SERVICE AWARD

Plaintiff, Latedia Washington sacrificed her own pecuniary interests to

17

pursue class wide relief on behalf of the Settlement Class. Namely, Plaintiff could have pursued individual claims against Defendant but instead sought statutory damages on behalf of the Settlement Class. To further the Settlement, Plaintiff agreed to release Defendant from all claims, for which Defendant has agreed to pay Plaintiff $5,000.00. Class Counsel requests the Court approve the general release payment to Plaintiff.

Moreover, Courts traditionally award service payments to class representatives in recognition of the fact that, "absent their willingness to be class representatives in th[e] case, the Class Members likely never would have recovered damages from Defendants as their claims, individually, would not have been worth bringing." *Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *12 (S.D. Ohio Feb. 7, 2014); *see also Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Courts may look to a three-factor test for such service payments:

> (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991).

Here, all three factors support the requested $5,000.00 payment to Plaintiff.

18

First, this Settlement would not have happened if Plaintiff Washington had not pursued this action. Equally important, Plaintiff opted to pursue this case as a class action, knowing she may have been able to obtain a higher recovery if she filed an individual action. However, Plaintiff was determined to ensure what happened to her did not happen to others. Plaintiff put the interests of others above her own and agreed to serve as a class representative for a class action lawsuit. The Settlement, if approved, will result in significant monetary awards to the Settlement Class Members and prospective benefits to applicants and employees. In light of the low damages available in FCRA class actions, if Plaintiff had not agreed to serve as a class representative, it is likely no Settlement Class Members would have ever been compensated for Defendant's alleged FCRA violations. Plaintiff Washington took substantial financial risk attaching her name to the action. Besides the opportunity to potentially recover a higher award if she had filed individually, prospective employers may not hire Plaintiff because she filed a class action lawsuit against a previous employer. Without Plaintiff's active engagement from the onset of the litigation, Class Counsel could not have obtained such a favorable outcome.

The requested general release compensation/service award is higher than the award Settlement Class Members will receive because Plaintiff is releasing all claims against Defendant, compared to the Settlement Class, which is only

19

releasing FCRA claims. Additionally, the FCRA's statutory damages are relatively low, making it even more important to incentivize class representatives to take the risk and dedicate their time and energy to a class action lawsuit. *Cf. Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

## VI. <u>CONCLUSION</u>

Class Counsel has obtained an excellent outcome for the Settlement Class. The requested fee is reasonable in all respects. For the foregoing reasons, Class Counsel respectfully requests that the Court enter an order awarding Class Counsel's attorneys' fees equal to one third of the Settlement Fund and reimbursement of costs in the amount of $3,141.95; payment of no more than $20,000.00 to American Legal Claims Services for the costs of Notice to the Class and Settlement Administration; and approving payment in the amount of $5,000.00 to Plaintiff as compensation for executing a general release and her service to the Settlement Class, all to be paid from the Settlement Fund.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, #700
Tampa, FL 33602-5157
Telephone: 813-223-5505

Facsimile:  813-257-0572
medelman@forthepeople.com
*Attorney for Plaintiff*

21