UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LATEDIA WASHINGTON, on
behalf of herself and on behalf
of all others similarly situated,

    Plaintiff,
v.	Case No. : 2:21-cv-10445-LVP-RSW

DIALOGDIREDCT, INC.,

    Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COMPENSATION TO CLASS REPRESENTATIVE

1. On January 6, 2022, this Court preliminarily approved the FCRA class action settlement between Plaintiff, Latedia Washington ("Plaintiff"), and Defendant DialogDirect, Inc., ("Defendant"). [Dkt.15]. The settlement resolved the consolidated actions on behalf of a class of 1,646 consumers defined as:

> **All U.S. Resident individuals on whom, during the Covered Period, an employment screening report for Defendant was conducted where the screening report was ordered between February 26, 2019 and July 1, 2021 and Defendant's records reflect that the screening report contained an item of information that was coded as potentially disqualifying for employment with Defendant.**

2. The Court finds the Settlement Class satisfies the requirements Rule 23 and certifies the Settlement Class.

3.      To compensate class members, Defendant agreed to a common fund of up to $487,500.00 to pay class members that timely submitted claims and the cost of notice to class members and claims administration, an amount equal to $296.00 gross per class member.  The Court finds this to be an excellent outcome for the Settlement Class.

4.      On January 20, 2022, the Court-approved notice packets were mailed to the Class Members on the Class List and the Settlement Website, (www.washingtonfcrasettlement.com) was posted.  Notice was delivered to 96% of the Class Members.  Thus, the Court finds the Class Notice have met the requirements set forth in Rule 23(e)(1) and the due process rights of absent Class Members 23 of the Federal Rules of Civil Procedure, and constituted the best practicable notice under the circumstances.  The Court also finds that all requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

5.      No Class Members objected or opted out to the Settlement.  Two hundred and fifty three Class Members submitted claims, more than 15% of the Settlement Class. Thus, the Court finds the Settlement Class supports the Settlement.

6.      The Court finds the Settlement easily satisfies the requirements of 'fair, reasonable, and adequate.'"  The factors guiding the Court's inquiry are:  (1) "the risk of fraud or collusion;" (2) the "complexity, expense and likely duration of

the litigation;" (3) the "amount of discovery engaged in by the parties;" (4) the "likelihood of success on the merits;" (5) the "opinions of class counsel and class representatives;" (6) the "reaction of absent class members;" and (7) "the public interest." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 276-77 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 1065 (2017) (quoting *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

7. The Court finds there was no fraud or collusion in the Settlement. Plaintiff and Defendant were both represented by experienced, nationally recognized FCRA class action attorneys, both of whom demonstrated their expertise and vast knowledge of the statute. Counsel's ability to work professionally and efficiently within the adversarial framework benefited the Settlement Class.

8. The Court finds the Settlement avoids the costs, delays, and pitfalls of class action litigation. Even if Plaintiff had overcome challenges to Article III standing and class certification, Plaintiff would have had to prove Defendant failed to comply with the statutory requirements and did so willfully. *See* 15 U.S.C. § 1681n(a); *Garland v. Memphis–Shelby County Airport Authority*, 2011 WL 13090678, at *4 (W.D. Tenn. July 19, 2011) (recognizing proving willfulness places a heavy burden on a plaintiff). *See, e.g.*, *Schoebel v. Am. Integrity Ins. Co.*, 2015

WL 3407895, at *7 (M.D. Fla. May 27, 2015) (dismissing FCRA stand-alone disclosure case seeking statutory damages because alleged violation was not willful); *Lewis v. Southwest Airlines Co.*, 2018 WL 400778, at *5 (N.D. Tex. Jan. 11, 2018) (summary judgment for defendant on issue of willfulness).  This Settlement removed all risk from the equation and enabled Settlement Class Members to obtain significant awards.

9. The Court is satisfied that Class Counsel had obtained the discovery he required to value the Settlement.

10. The Court finds the relief obtained for the Settlement Class to be an excellent outcome.  The Settlement Class received a gross award of $296.00 per class member, nearly 30% of the maximum statutory damages available for the alleged violation.  Plaintiff would have to overcome several significant obstacles to obtain relief for the Settlement Class.  By resolving the action, Plaintiff removed risk from the equation and secured significant monetary relief for the Settlement Class.

11. Class Counsel, Mr. Edelman, supports the Settlement and opines it is in the best interest of the Class.  The Court agrees. *See Olden v. Gardner*, 294 F. App'x 210, 219 (6th Cir. 2008) (a court "should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"). The Settlement permits Settlement Class Members to monetize claims they most

likely didn't know they had for an award that compares favorably to awards in similar actions without any additional risk.

12. There were no objections or opt-outs, which weighs in favor of final approval. *In re Cardizem*, 218 F.R.D. at 527; *see also, e.g.*, *Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (finding that 79 objections in a class of nearly 11,000 "tends to support a finding that the settlement is fair").

13. The Court finds the Settlement to be in the public interest. Although Defendant denies its practices were ever unlawful or deficient, it has enhanced its practices regarding the use of consumer reports for employment purposes to further ensure its pre-adverse action procedures are FCRA compliant. Moreover, placing the Settlement in the public record serves as a deterrent to other users of consumer reports for employment purposes. Thus, the Settlement does not only benefit Settlement Class Members, it also benefits future employees and applicants, and provides compliance guidance to employers.

14. The Court finds Ms. Latedia Washington is the reason the Settlement Class Members are obtaining monetary awards and Defendant has enhanced its pre-adverse action notice program. Of note, Ms. Washington sacrificed her individual employment law claims against Defendant to pursue claims on behalf of the Settlement Class. As counsel, Mr. Edelman efficiently and effectively obtained a very favorable outcome for Settlement Class Members, despite the fact

Defendant was represented by Mr. Simmons, an equally skillful and esteemed adversary. Thus, Ms. Washington is confirmed as Class Representative and Mr. Edelman appointed Class Counsel.

15. By unopposed motion, Class Counsel seeks one third of the Settlement Fund, an amount equal to $162,337.50. The Court finds one third of the common fund to be consistent with similar awards in similar FCRA class actions. *See Flores v. Express Servs., Inc.*, No. CV 14-3298, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 30, 2017) ("Upon consideration of percentages granted in similar class action settlements, 32.96% of the total common fund is within the range of awards that support approval."); *Southeastern Milk*, 2013 WL 2155387, at *3 (approving 33% attorneys' fee award totaling 52.9 million dollars); *Townsend v. Aim Integrated Logistics, Inc.*, No. 4:15-cv-00493, 2016 WL 8193582 (N.D. Ohio May 12, 2016) (awarding fees of one third of settlement fund); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013)(awarding fees of one third of settlement fund). For purposes of conducting a lodestar crosscheck, the Court finds Mr. Edelman's hourly rate of $675.00 per hour to be reasonable. Mr. Edelman's Lodestar fee is $54,000.00. Here, Class Counsel seeks fees equal to a 3.01 multiplier, which the Court finds to be reasonable.

16.     Class Counsel litigated this case on a contingency fee, risking hundreds of hours of time and thousands of dollars in costs with no guaranteed result.  By doing so, Class Counsel knowingly took a substantial risk in prosecuting this action and to date has not received any compensation.

17.     Class Counsel vindicated the rights of the Settlement Class and the public at large.  The FCRA's pre-adverse action requirement set forth in 15 U.S.C. § 1681b(b)(3)(A) was enacted to ensure consumers know precisely what is being reported about them and to allow consumers to address inaccuracies and, even when such reports are accurate, to provide a mechanism for consumers to put their past in context or otherwise plead their case for employment.  As a result of the Settlement, there is now a deterrent against violations by other employers.

18.     The Court finds this area of law to be inherently complex and nuanced.  Most practicing attorneys would neither recognize nor pursue similar claims.  Here, Class Counsel navigated the FCRA's pitfalls to obtain an excellent outcome for the Settlement Class, supporting the reasonableness of the requested fee.

19.     As previously noted, Mr. Edelman obtained this Settlement against a defendant represented by a lawyer of equal caliber, Mr. Simmons.  This too supports the requested fee.

20. The Court has reviewed Class Counsel's costs and finds $3,141.95 to be reasonable and necessary to prosecute the action. The Court also finds American Legal Claims Services' notice and administration costs of $20,000.00 to be reasonable.

21. The Court finds a $5,000.00 payment to Ms. Washington to be reasonable, to recognize both her service to the Class and as compensation for executing a general release, foregoing rehire and relinquishing her individual claims against Defendant. The Court further notes that without Ms. Washington, there would be no Settlement.

## **CONCLUSION**

The Court finds the Settlement to be fair, reasonable and adequate. Accordingly:

(1) The Joint Motion for Final Approval of Class Action Settlement is GRANTED, and the Parties are directed to perform their duties under the Stipulation of Settlement (ECF Dkt No. 13-1);

(2) The terms of the Stipulation of Settlement are given full force and effect.

(3) Plaintiff and the Settlement Class hereby release all of the "Released Claims" as defined by the Stipulation of Settlement with prejudice and are barred and enjoined from pursuing any of the Released Claims in any forum or venue;

(4) Class Counsel's Unopposed Motion for Attorney's Fees of $162,337.50, costs of $3,141.95, and general release/service award compensation to Plaintiff of $5,000.00 is GRANTED;

(5) The Court approves payment for up to $20,000.00 the Settlement Administrator; and

(6) Without prejudice to this Court maintaining jurisdiction for the sole purpose of enforcing the terms of the Stipulation of Settlement and this Final Approval Order, the captioned litigation is hereby dismissed with prejudice and the Clerk shall close this docket.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2022

**COPIES FURNISHED TO:**
Counsel of Record